IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JORGE D. LÓPEZ-ENCARNACIÓN,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-1297 (PG)
(CRIMINAL 03-350 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner in this motion to correct sentence brought under 28 U.S.C. § 2255 was convicted after a negotiated guilty plea and received a sentence of imprisonment of 57 months. In his petitioner filed on February 15, 2005, petitioner argues that there was an illegal departure from his Base Offense Level because of various and additional factors which Apprendi, Blakely, Booker, and Fan-Fan render inapposite, and makes reference to his plea agreement in support of this allegation. He seeks a reduction of his sentence.

Today the United States informed that petitioner's conviction is the subject of a direct appeal which is still pending before the First Circuit Court of Appeals. The sentence was appealed. No opinion has been rendered by the court of appeals in relation to his pending appeal. The appeals court is currently awaiting the transcripts of the plea and sentencing proceedings from the court reporter against whom it has issued an order to show cause.

The section 2255 motion should be denied. In order to prevent redundancy, the circuit court has ruled that except in extraordinary circumstances (not present here), it will dismiss a section 2255 petition claiming ineffective assistance of counsel as premature until the prisoner's direct appeal concludes. Pratt v. United

CIVIL 05-1297 (PG)                                         2
(CRIMINAL 02-0350 (PG))

States, 129 F.3d 54, 60-61 (1st Cir. 1997); United States v. Díaz-Martínez, 71 F.3d 946, 953 (1st Cir. 1995). In this respect, this circuit long ago adopted the decisions of the D.C., Fifth, Seventh, Eight, and Ninth Circuits with relation to the policy of dismissing section 2255 petitions when petitioner has a direct appeal pending. United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980). One must be mindful that section 2255 provides for post-conviction relief if a sentence was imposed in violation of the United States Constitution, or by a court with no jurisdiction, or that such a sentence exceeded the statutory maximum, or was otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 471 (1st Cir. 1998). The collateral attack mode of section 2255 may be invoked only when error is predicated on a fundamental defect, which, if uncorrected, will result in a complete miscarriage of justice. See Hill v. United States, 368 U.S. at 428; David v. United States, 134 F.3d at 474. Clearly, no such exceptional circumstances are present here so that the court should be required to consider the petition while the court of appeals has yet to decide the appeal of the sentence.

In view of the above, the motion under section 2255 should be summarily denied without a hearing.

Under the provisions of Local Rule 72(d), any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973

CIVIL 05-1297 (PG)                           3
(CRIMINAL 02-0350 (PG))


F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch v. Massachusetts Elec.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 8th day of July, 2005.


                                                S/ JUSTO ARENAS
                               Chief United States Magistrate Judge